IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                              CASE NO. 4:19-CR-00156-BSM

CHRIS MICHAEL GUIDRY                                                              DEFENDANT

## ORDER

Chris Guidry's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 United States Code section 2255 [Doc. No. 79] is denied.

Guidry pled guilty to willfully failing to pay payroll taxes deducted from his employees' paychecks, and was given a below-guidelines sentence of eighteen months' imprisonment.  Doc. Nos. 31, 72.  At his plea hearing, Guidry stated that he was satisfied with defense counsel's representation, and that he understood the terms of his plea agreement and the range of punishment he faced.  Before sentencing, however, Guidry made it known that he was dissatisfied with counsel's representation, and he was therefore appointed new counsel.  Doc. No. 38.  Although Guidry stated at the sentencing hearing that he was satisfied with the representation of his second lawyer, he maintained that he was dissatisfied with the representation of his first lawyer.  Now, Guidry asserts that both lawyers were ineffective.

To prove his ineffective assistance of counsel claim, Guidry must show that he was prejudiced by the deficient performance of his legal counsel.  *See Buck v. Davis*, 580 U.S. 100, 118 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Guidry's motion must be denied because he has failed to show that either of his lawyers committed

errors so serious that they were not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Moreover, although Guidry contends that his guilty plea was neither knowing nor voluntary, the record does not support this argument.

In support of his motion, Guidry also argues that the government engaged in prosecutorial misconduct, and contends that the prosecutor (1) gave preferential treatment to the IRS, (2) failed to remain independent in his prosecution, (3) failed to uphold the minimum required professional responsibility, (4) misled the court through ignorance or deliberately, (5) failed to reasonably investigate evidence supplied by Guidry, (6) manipulated Guidry's less knowledgeable defense counsel, and (7) was in criminal contempt in violation of Federal Rule of Criminal Procedure 42. *See* Doc. No. 79 at 20–21. Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper and affected his substantial rights. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015). Guidry does not meet this burden for several reasons. First, the claim is procedurally defaulted because it was not raised on direct appeal. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Second, the record does not support the claim. Third, even if Guidry were able to supply evidence supporting his claim, he has failed to show that the government's conduct affected his rights. This is true because Guidry freely signed the plea agreement setting forth the relevant facts and, after being informed of his rights, he voluntarily entered the plea of guilty.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Guidry is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925

(8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because Guidry has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 18th day of December, 2023.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE