IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**             **PLAINTIFF**

v.      **CASE NO. 4:19-CR-00156-BSM**

**CHRIS MICHAEL GUIDRY**             **DEFENDANT**

**ORDER**

Chris Guidry's motions to reduce his sentence [Doc. No. 82], for a certificate of appealability and for other relief [Doc. No. 83], and to sanction his former lawyer [Doc. No. 86] are denied.

Guidry's motion to reduce his sentence is denied because section 404 of the First Step Act does not apply to him because his sentence was imposed after the law's effective date. *See United States v. Buchanan*, No. 1:11-CR-21-1-TLS, 2019 WL 2366818, at *2 (N.D. Ind. June 5, 2019). Additionally, the execution of sentences and the computation of jail time are administrative functions which have been delegated to the Bureau of Prisons by the U.S. Attorney General. *Id.*

Guidry's motion for a certificate of appealability is denied because he has not made a substantial showing that his constituional rights have been denied. 28 U.S.C. § 2253(c)(2); *see* Doc. No. 80. Moreover, the other relief Guidry seeks—a complete review, immediate release, vacating his conviction, and disciplinary action against defense counsel and the U.S. Attorney—is denied because it amounts to a successive motion under 28 United States Code section 2255, and appellate authorization for this relief has not been received. *See United*

*States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (denying motion seeking relief on claims previously raised and decided for lack of appellate authorization).

Finally, Guidry's motion to sanction his former lawyer is denied because the record does not support it. Although Guidry cites Canon 3(B)(5) of the Code of Conduct for United States Judges, judicial canons are non-binding. *White v. Nat'l Football League*, 585 F.3d 1129, 1140 (8th Cir. 2009). Moreover, Guidry has failed to show that his former lawyer abused the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Guidry's disagreement with his former lawyer's testimony characterizing his attempt to withdraw his guilty plea as "meritless", *see* Doc. No. 34, does not warrant sanctions because counsel was called to testify at the hearing on Guidry's motion to set aside his guilty plea, *see* Doc. No. 58, and counsel simply testified.

IT IS SO ORDERED this 7th day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE